JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JORGE "COCO" PADILLA
Nevada Bar No. 16295
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*JPadilla@GGTrialLaw.com*

Attorneys for Plaintiff
Connie Davis

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CONNIE DAVIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) NEGLIGENT SUPERVISION & RETENTION;**<br><br>**(2) DISCRIMINATION (N.R.S. § 613.330);**<br><br>**(3) DISCRIMINATION (29 U.S.C. § 621 *et seq.*);**<br><br>**(4) HARASSMENT (N.R.S. § 613.330);**<br><br>**(5) RETALIATION (N.R.S. § 613.340);**<br><br>**(6) RETALIATION (29 U.S.C. § 621 et seq.); and**<br><br>**(7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Connie Davis ("Plaintiff" or "Ms. Davis") alleges as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 29 U.S.C § 621 et seq.

2. The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Washoe County, Nevada.

## NATURE OF THE ACTION

4. Ms. Davis, who is 69 years old, began working for Walmart as a Seasonal Warehouse Associate in August 2025. On her sixth day of employment, Walmart's Operations Manager told her she was "too old and slow for the job" and attempted to terminate her on the spot. Ms. Davis reported the discriminatory comment to Human Resources, yet the Operations Manager continued targeting her with unfounded performance criticisms. On or about October 17, 2025, Walmart terminated her employment on a false and pretextual basis. In reality, Walmart wrongfully terminated Ms. Davis in discrimination based on her age and in retaliation for her protected activity.

## PARTIES

5. Plaintiff is and was at all relevant times herein, a resident of Washoe County, Nevada.

6. Defendant Wal-Mart Associates, Inc. ("Walmart") is a Delaware corporation that conducts business in Washoe County, Nevada.

## FACTUAL ALLEGATIONS

7. On or about August 25, 2025, Ms. Davis began working for Walmart as a Seasonal Warehouse Associate at Walmart's Distribution Center in Sparks, Nevada.

8. Ms. Davis is 69 years old.

9. On or about August 30, 2025, Walmart's Operations Manager told Ms. Davis she was "too old and slow for the job" in front of witnesses and attempted to terminate her employment.

10. On or about August 30, 2025, Ms. Davis reported the Operations Manager's discriminatory comments to Walmart's Human Resources department. Two Human Resources representatives informed Ms. Davis that the Operations Manager could not terminate her employment on that basis, and she continued working.

11. Despite Ms. Davis's complaint, Walmart retained the Operations Manager in a supervisory role over Ms. Davis. In or around September and October 2025, the Operations Manager continued to subject Ms. Davis to unfounded criticisms of her performance, including presenting a different employee's productivity report as if it were Ms. Davis's own, and again told Ms. Davis she was "too slow."

12. On or about October 17, 2025, Walmart terminated Ms. Davis's employment on a false and pretextual basis.

13. In reality, Walmart wrongfully terminated Ms. Davis in discrimination based on her age and in retaliation for her protected activity.

14. On June 24, 2026, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission (“EEOC”) and the Nevada Equal Rights Commission (“NERC”). On June 25, 2026, the EEOC closed Plaintiff’s case without making findings and issued her an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

15. *Summary of Plaintiff’s Protected Statuses and Activity:* Ms. Davis is 69 years old. Ms. Davis engaged in protected activity by complaining to management and Human Resources about discriminatory comments directed at her based on her age.

16. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute (“N.R.S.”) 42.001, 42.007.)

17. *Reckless Indifference and Conscious Disregard:* Defendant Wal-Mart Associates, Inc. knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendant Wal-Mart Associates, Inc. willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

18. *Malice:* The conduct of Defendant Wal-Mart Associates, Inc. was committed with

malice, including that (a) Defendant Wal-Mart Associates, Inc. acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant Wal-Mart Associates, Inc. was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

19. *Oppression:* In addition, and/or alternatively, The conduct of Defendant Wal-Mart Associates, Inc. was committed with oppression, including that the actions of Defendant Wal-Mart Associates, Inc. against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

20. *Fraud:* In addition, and/or alternatively, the conduct of Defendant Wal-Mart Associates, Inc., as alleged, was fraudulent, including that Defendant Wal-Mart Associates, Inc. asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of legal rights or otherwise injure Plaintiff.

21. Further, Defendant Wal-Mart Associates, Inc. is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Wal-Mart Associates, Inc. had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

## FIRST CLAIM FOR RELIEF

**Negligent Supervision & Retention**

**(Plaintiff Connie Davis against Defendant Wal-Mart Associates, Inc.)**

22. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

23. Plaintiff was employed by Defendant Wal-Mart Associates, Inc.

24. Defendant Wal-Mart Associates, Inc. had a duty to use reasonable care in supervising and retaining employees who would be interacting with Plaintiff and other employees.

25. Defendant Wal-Mart Associates, Inc. breached this duty by: a. Failing to properly train employees on appropriate workplace conduct and compliance with labor laws; b. Failing to adequately supervise employees to ensure they were not engaging in unlawful practices; c. Failing to investigate complaints or reports of misconduct by employees; and, d. Retaining employees known or should have known were engaging in unlawful practices.

26. As a direct and proximate result of the actions of Defendant Wal-Mart Associates, Inc., Plaintiff has and will continue to suffer harm, including lost earnings, salary, and other job benefits, and humiliation, embarrassment, and emotional distress, according to proof.

27. Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

28. The acts of Defendant Wal-Mart Associates, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff’s rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Wal-Mart Associates, Inc., and to make an example of and deter Defendant Wal-Mart Associates, Inc. from engaging in such conduct in the future.

## SECOND CLAIM FOR RELIEF

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Connie Davis against Defendant Wal-Mart Associates, Inc.)**

29. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

30. Plaintiff was employed by Defendant Wal-Mart Associates, Inc., as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person’s compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 et seq. Further, employers must provide a workplace free of

discrimination on the basis of these protected statuses.

31. The acts and omissions of Defendant Wal-Mart Associates, Inc., as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

32. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

33. Plaintiff charges that Defendant Wal-Mart Associates, Inc. discriminated against the Plaintiff based on her protected status or statuses.

34. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

35. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

36. The acts of Defendant Wal-Mart Associates, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Wal-Mart Associates, Inc., and to make an example of and deter Defendant Wal-Mart Associates, Inc. from engaging in such conduct in the future.

## THIRD CLAIM FOR RELIEF

**Workplace Discrimination in Violation of the Age Discrimination in Employment Act**

**(Plaintiff Connie Davis against Defendant Wal-Mart Associates, Inc.)**

37. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

38. At all relevant times, Plaintiff was forty (40) years of age or older and therefore a

member of the class of persons protected by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 *et seq*.

39. Plaintiff was an employee of Defendant Wal-Mart Associates, Inc., as defined by 29 U.S.C. § 630(b), and Defendant Wal-Mart Associates, Inc. are employers within the meaning of the ADEA. As such, Defendant Wal-Mart Associates, Inc. were prohibited from discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment because of Plaintiff's age, and were required to maintain a workplace free from age-based discrimination.

40. Defendant Wal-Mart Associates, Inc. took adverse employment actions against Plaintiff because of Plaintiff's age, including but not limited to the decision to terminate Plaintiff's employment, the decision not to retain, rehire, or otherwise employ Plaintiff in any position, and/or other adverse employment actions affecting Plaintiff's compensation, terms, conditions, or privileges of employment.

41. As a direct and proximate result of this unlawful conduct, Plaintiff has suffered economic damages, including but not limited to lost wages, lost salary, lost benefits, and loss of future earnings and employment opportunities, in an amount according to proof at trial.

Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**FOURTH CLAIM FOR RELIEF**

**Workplace Harassment in Violation of N.R.S. § 613.330 *et seq.***

**(Plaintiff Connie Davis against Defendant Wal-Mart Associates, Inc.)**

42. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

43. Plaintiff was employed by Defendant Wal-Mart Associates, Inc.

44. The acts and omissions of Defendant Wal-Mart Associates, Inc., as more fully set forth herein, constituted harassment on the bases of Plaintiff's protected status or statuses.

45. Plaintiff is within the class of persons that N.R.S. 613.330 intends to protect and harass on the basis of her protected status or statuses is the type of injury prohibited by N.R.S.

613.330.

46. Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her protected status or statuses.

47. The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

48. Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

49. At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

50. Defendant Wal-Mart Associates, Inc. had a duty to prevent and promptly correct the harassing behavior. Defendant Wal-Mart Associates, Inc. breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant Wal-Mart Associates, Inc. similarly breached its duty by failing to remedy the harassment.

51. As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

52. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Wal-Mart Associates, Inc., and to make an example of and deter Defendant Wal-Mart Associates, Inc. from engaging in such conduct in the future.

53. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain

the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## **FIFTH CLAIM FOR RELIEF**

### **Workplace Retaliation in Violation of N.R.S. § 613.340**

### **(Plaintiff Connie Davis against Defendant Wal-Mart Associates, Inc.)**

54. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

55. Plaintiff was employed by Defendant Wal-Mart Associates, Inc.

56. Plaintiff engaged in protected activity.

57. Defendant Wal-Mart Associates, Inc. was aware of Plaintiff's protected activity.

58. After engaging in protected activity, Plaintiff suffered an adverse employment action.

59. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

60. The conduct of Defendant Wal-Mart Associates, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

61. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Wal-Mart Associates, Inc., and to make an example of and deter Defendant Wal-Mart Associates, Inc. from engaging in such conduct in the future.

62. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

**SIXTH CLAIM FOR RELIEF**

**Retaliation in Violation of the Age Discrimination Employment Act**

**(Plaintiff Connie Davis against Defendant Wal-Mart Associates, Inc.)**

63. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

64. At all relevant times, Plaintiff was forty (40) years of age or older and therefore a member of the class of persons protected by the Age Discrimination in Employment Act (“ADEA”), 29 U.S.C. § 621 et seq.

65. Plaintiff was an employee of Defendant Wal-Mart Associates, Inc., as defined by 29 U.S.C. § 630(f), and Defendant Wal-Mart Associates, Inc. is an employer within the meaning of the ADEA, as defined by 29 U.S.C. § 630(b).

66. Employers, such as Defendant Wal-Mart Associates, Inc., are barred under 29 U.S.C. § 623(d) from retaliating against any employee because such employee has opposed any practice made unlawful by the ADEA, or because such employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the ADEA.

67. Plaintiff opposed and reported conduct prohibited by the ADEA.

68. Defendant Wal-Mart Associates, Inc. was aware of Plaintiff’s protected activity.

69. As a result of Plaintiff’s complaints regarding, and opposition to, these unlawful practices, Defendant Wal-Mart Associates, Inc. engaged in a course of retaliatory conduct, including, but not limited to, reducing Plaintiff’s hours, subjecting Plaintiff to a hostile work environment, and ultimately terminating Plaintiff’s employment.

70. There is a causal connection between Plaintiff’s protected activity and the adverse employment actions taken against her.

71. The conduct of Defendant Wal-Mart Associates, Inc. constitutes retaliation in violation of the ADEA, which makes it unlawful for an employer to retaliate against an employee who complains about or opposes age discrimination.

72. The conduct of Defendant Wal-Mart Associates, Inc. alleged herein has caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, in an

amount according to proof at trial.

73. The acts alleged herein were willful within the meaning of 29 U.S.C. § 626(b). As a result, Plaintiff is entitled to an award of liquidated damages in an amount equal to her unpaid wages and benefits.

74. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

75. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## SEVENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

### (Plaintiff Connie Davis against Defendant Wal-Mart Associates, Inc.)

76. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

77. By its actions described hereinabove, Defendant Wal-Mart Associates, Inc. intentionally and/or recklessly subjected Plaintiff to severe mental and emotional distress.

78. The conduct of Defendant Wal-Mart Associates, Inc. caused Plaintiff to endure and sustain actual damages, including financial hardship and grievous mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety in an amount subject to proof at trial.

79. The actions of Defendant Wal-Mart Associates, Inc. were intentional and done with the willful disregard for the well-established and well-known legal rights of the Plaintiff. As a direct and proximate result of these actions, Plaintiff has been damaged, and will continue to be damaged in an amount to be proven at trial. The actions of Defendant Wal-Mart Associates, Inc. were done willfully, oppressively, maliciously and in callous indifference to the Plaintiff's rights and therefore, the Plaintiff should be awarded punitive damages.

80. Due to this action, it has been necessary for Plaintiff to expend court costs. As such,

Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant Wal-Mart Associates, Inc. as follows:

1. For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant Wal-Mart Associates, Inc.'s wrongful conduct;
2. Liquidated damages;
3. Emotional distress damages;
4. Punitive and exemplary damages in an amount sufficient to punish Defendant Wal-Mart Associates, Inc., and to make an example of and deter Defendant Wal-Mart Associates, Inc. from engaging in such conduct in the future;
5. For an award of reasonable attorneys' fees and costs incurred in this action;
6. For pre-judgment and post-judgment interest, as provided by law; and
7. For other and further relief as the Court may deem just and proper.

DATED: June 25, 2026 GREENBERG GROSS LLP

By: */s/ Jemma E. Dunn*
Jemma E. Dunn
Matthew T. Hale
Jorge "Coco" Padilla

Attorneys for Plaintiff
Connie Davis

## **DEMAND FOR JURY TRIAL**

Plaintiff Connie Davis hereby demands a jury trial.

DATED: June 25, 2026

GREENBERG GROSS LLP

By: */s/ Jemma E. Dunn*
Jemma E. Dunn
Matthew T. Hale
Jorge "Coco" Padilla

Attorneys for Plaintiff
Connie Davis